Frederick A. DUCHARDT,
Plaintiff-Appellant,

v.

Oscar EWING, Anthony Taranto, Dwight Marshall, Jr., Apalachicola Enterprises, Inc., Roy G. Miller, Walter Sawhill, Gerald Forrest, Bill Nichols, and Dennis R. Cowell, Defendants-Appellees.

No. 77–3015
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 19, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Frederick A. Duchardt, pro se.

J. Ben Watkins, Tallahassee, Fla., for Ewing, Taranto, Marshall & Apalachicola Enterprises.

Walter A. Sawhill, pro se.

Bill Nichols, pro se.

Before GOLDBERG, CLARK, and FAY, Circuit Judges.

PER CURIAM:

Duchardt appeals from an order of the district court dismissing his complaint with prejudice. Duchardt originally brought the action in federal court in Kansas. The case was transferred to the Northern District of Florida under 28 U.S.C. § 1404(a). That court dismissed the case without prejudice because of the failure of both parties to comply with orders of the court. Duchardt reinstituted the suit in the Northern District of Florida in February 1975. The defendants moved to stay the proceedings pending the payment of costs of the prior action. No action was taken on that motion although both parties subsequently filed other motions. In February 1976 the district court notified Duchardt that the local rules mandated dismissal after ninety days of inaction. Duchardt's only response was to have an out-of-state attorney note his appearance and announce Duchardt's availability for depositions. In April 1977 the trial court issued an order which, among other things, advised Duchardt that the action would be dismissed unless he paid the costs of the prior action within thirty days. Instead of seeking a stay or modification of this order, Duchardt attempted to appeal the order to this court. We dismissed Duchardt's attempted appeal because it came from an interlocutory order.

While that appeal was pending Duchardt did nothing to interdict the trial court's jurisdiction or otherwise interrupt the effect of the trial court's April order. As a result of Duchardt's failure to pay the costs or to comply with the court's orders, the trial court dismissed the action with prejudice. The present appeal is from that order of dismissal. Duchardt contends that the portion of the court's April order which assessed him with costs in the former action was reversible error since the assessment must have been made under Rule 41(d) of the Federal Rules of Civil Procedure, which is predicated on a dismissal by a plaintiff, whereas the initial action in this situation was dismissed by the court for the defaults of both plaintiff and defendants. Duchardt also seeks to challenge the requirement of the April order that he submit to depositions in Florida.

■ The district court was technically correct in asserting that Duchardt's attempted appeal did not divest it of jurisdiction. It remained incumbent on him to obey the April order or to seek district court relief from its strictures. The extreme sanction of dismissal with prejudice, however, is not warranted in this case where Duchardt clearly sought relief from what he had contested in the district court as erroneous assessment of costs. His fault was in attempting to advance his contention by an improper appeal rather than a proper reiteration of his challenge to the district court. Such procedural ineptitude should not forfeit a litigant's right to appeal an issue that has at least colorable merit. Duchardt would lose this right forever if the present dismissal were affirmed.

■ The basis for the district court's order of dismissal is uncertain. The court erred if its order that Duchardt must pay the court costs in the prior action was based upon Rule 41(d). That rule allows a court to require payment of the costs of a prior action as a condition for maintaining subsequent action only if the plaintiff has dismissed the previous action. The record before us discloses that the prior action was not dismissed by the plaintiff, but rather was the subject of an involuntary dismissal by the court because of defaults by both parties. Rule 41(d) is therefore inapposite. *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2375, at 246 (1971). If

it was the basis for assessing Duchardt with costs, the district court should reconsider its sanction of dismissal with prejudice in the light of this error since it appears that Duchardt's failure to pay the costs was the sole reason for the order of dismissal.

On the record we have, however, it is impossible to discern whether the court may have assessed costs in the initial action based on its general power to tax costs. It is equally obscure whether there was a failure to comply with a portion of the court's April order regarding depositions or with any other order of the court. A district court has the power to dismiss an action with prejudice; and the exercise of that power will be reversed only if there is an abuse of the court's discretion. *See Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). We vacate the order of dismissal and remand the case for further consideration.

VACATED AND REMANDED.