**Arnold W. HILGEFORD and Martha A. Hilgeford, Plaintiffs,**

v.

**PEOPLES BANK, PORTLAND, INDIANA, et al., Defendants.**

**Civ. No. F 86–260.**

United States District Court, N.D. Indiana, Fort Wayne Division.

July 16, 1986.

Arnold W. Hilgeford, pro se.

No one has yet appeared for defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the court's *sua sponte* analysis of the complaint filed in this cause. For the following reasons, this cause will be stayed.

In *Hilgeford v. The Peoples Bank, Portland, Indiana,* 607 F.Supp. 536 (N.D.Ind.), *aff'd,* 776 F.2d 176 (7th Cir.1985) (hereinafter "F 85–154"), this court dismissed *sua sponte* a complaint filed by these same plaintiffs against one of the defendants in this cause. In addition to dismissing the complaint, this court imposed a Two Hundred Fifty Dollar ($250.00) fine, payable to the court, as a sanction under Rule 11 of the Federal Rules of Civil Procedure for the plaintiffs' filing of a frivolous lawsuit. That sanction was justified in large part because the plaintiffs had filed a previous action, *Hilgeford v. Peoples Bank, Portland, Indiana,* No. F 85–142, which the court dismissed *sua sponte,* and which was nearly identical to F 85–154. The Rule 11 sanction in F 85–154 was affirmed by the

Seventh Circuit, which also imposed a Five Hundred Dollar ($500.00) award of damages to the Bank for the filing of a frivolous appeal, as well as costs under Rule 39 of the Federal Rules of Appellate Procedure. To date, the Clerk of this court has no record of the plaintiffs having paid the Rule 11 sanction imposed by this court, nor is there any evidence to suggest that the damages and costs awarded in the Seventh Circuit have been paid.

Now the plaintiffs have filed this action, alleging that the defendants herein have engaged in a conspiracy to commit extortionate credit transactions, violations of the Racketeering Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.,* and a failure to have sufficient sureties when a state court action was filed earlier by the defendants herein. That is an extremely charitable and liberal reading of the complaint filed in this cause; the complaint itself is a confusing listing of allegations based on "organic law," the Magna Carta, and claims of substantive rights under the criminal laws of the United States.

The court does not pause to consider the merits of the present complaint. Rather, it is concerned with the outstanding fine levied in F 85–154, as well as the damages and costs awarded by the Seventh Circuit, which have yet to be paid.

The general rule is that "a court may enter an order staying further proceedings until costs taxed in an earlier proceeding have been paid." *Sanderson v. Ford Motor Co.,* 90 F.R.D. 375, 376 N.D. Ala.1981). *See Winckler & Smith Citrus Products Co. v. Sunkist Growers, Inc.,* 346 F.2d 1012 (9th Cir.), *cert. denied,* 382 U.S. 958, 86 S.Ct. 433, 15 L.Ed.2d 362 (1965); *World Athletic Sports Corp. v. Pahlavi,* 267 F.Supp. 160, 163 (S.D.N.Y.1966). The propriety of staying proceedings until costs of a previous proceeding are paid is also embraced in Fed.R.Civ.P. 41(d), which states

If a plaintiff who has once dismissed an action in any court commences an action

based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Although one court has ruled that Rule 41(d) applies only when the previous case was voluntarily dismissed, *Duchardt v. Ewing*, 571 F.2d 869, 871 (5th Cir.1978), the majority of courts hold that Rule 41(d) applies to cases involving involuntary dismissals (that is, cases which were dismissed by court order and not at the request of the plaintiff) as well. *Sanderson*, 90 F.R.D. at 376; *Zaegel v. Public Finance Co.*, 79 F.R.D. 58, 59 (E.D.Mo.1978) ("while the rule generally applies to actions voluntarily dismissed by the plaintiff, there is no bar to the rule being invoked where the dismissal is involuntary"); *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160 (S.D.N.Y.1966); 5 *Moore's Federal Practice* ¶ 41.-16 (2d ed. 1982). This authority would certainly justify staying this proceeding until the plaintiffs proved that they had paid the costs awarded in the Seventh Circuit.

■ The court believes that these authorities would also justify staying this proceeding until the Rule 11 sanction and damages were paid. These cases speak in terms of "costs," and while a more traditional view of costs might be those items enumerated in 28 U.S.C. § 1920, a Rule 11 sanction and award of damages for having to defend a frivolous appeal are functional equivalents of traditional items of cost. A Rule 11 fine payable to the court serves both a punitive and compensatory purpose; it penalizes a litigant who files a frivolous lawsuit, and attempts in a rough manner to compensate the taxpayers who have been forced to pay for a court's time and effort spent in disposing of the meritless suit. Thus, this court has already ruled that the amount of Rule 11 sanctions will be determined by multiplying the number of hours spent by the court by a recent estimate of the hourly cost of running the court. *See Dominguez v. Figel*, 626 F.Supp. 368 (N.D. Ind.1986). Therefore, a Rule 11 sanction

serves a purpose similar to that served by allowing a prevailing party to recover, say, the costs of a deposition—it compensates for some of the economic cost incurred by having to deal with or defend against a lawsuit filed by a losing party. The analogy between traditional costs and the Seventh Circuit's award of damages for having to defend against the frivolous appeal in F 85–154 is even more obvious: both compensate the victorious party for costs incurred in having to defend against a lawsuit upon which the party prevails. The court therefore concludes that this action may be stayed until the Rule 11 sanction and award of damages are paid along with the costs of appeal assessed in F 85–154.

■ Even if the Rule 11 sanction or the award of damages cannot be considered "costs" so as to justify staying the proceeding under this line of authority, an independent ground exists in the inherent powers of the court. If courts have the power to impose sanctions (and Rule 11 obviously indicates that they do), then the court must be able to enforce its sanctions by requiring that fines previously assessed against a litigant be paid before that litigant can again use the courts. Anything less would significantly reduce the effectiveness of such sanctions and encourage the kind of disrespect for the courts which those sanctions were designed to reduce.

Further, both the sanction of this court and the award of the Seventh Circuit were issued because the plaintiffs in F 85–154 had abused their right of access to the courts by filing a patently frivolous lawsuit. The disrespect inherent in their pursuit of an action which this court had once before (in F 85–142) declared to be without merit was sufficient to warrant such drastic action by this court and the Court of Appeals. Now these same plaintiffs seek to use the power of this court to obtain a judgment against the same defendant they had frivolously sued before. Yet if these plaintiffs want to avail themselves of the courts now, they must indicate that their history of disrespect is over. Litigants

who seek to invoke the power of a court must respect that power in its various manifestations, even when that power requires that they pay a fine or damages for the havoc their actions have caused in the court. If the plaintiffs here want to pursue this action, they must first pay the fine, damages, and costs assessed against them. To require anything less would do a disservice to the integrity of this court, and would ultimately be unfair to the numerous litigants who have already suffered because this court expended scarce resources in disposing of F 85–154.

For the reasons set forth above, this action is hereby STAYED until such time as the plaintiffs produce satisfactory evidence to the court that they have paid the Two Hundred Fifty Dollar ($250.00) fine assessed against them by this court, the Five Hundred Dollar ($500.00) damage award made by the Seventh Circuit, and have paid all costs of the appeal taken in Cause No. F 85–154. If the plaintiffs do not prove they have paid the fine, award, and costs within ninety (90) days from the date of this order, the court shall dismiss this action for want of prosecution.