Arnold W. **HILGEFORD**, et al., Plaintiffs,

v.

**PEOPLES BANK, INC., PORTLAND, INDIANA, et al., Defendants.**

Civ. No. F 86–260.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 11, 1986.

See also, D.C., 652 F.Supp. 230.

Arnold W. Hilgeford, pro se.

Max C. Ludy, Jr., Ludy & Bright, Portland, Ind., for defendants Dale and Ruth Hunt.

Robert E. Grant, Baker Daniels & Shoaff, Fort Wayne, Ind., for remaining defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on its sua sponte analysis of this cause, particularly plaintiffs' failure to comply with this court's previous order in *Hilgeford v. Peoples Bank, Portland, Indiana,* 110 F.R.D. 700 (N.D.Ind.1986). For the following reasons, this cause is dismissed.

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This is the third case filed by the Hilgefords in this court. The first case, *Hilgeford v. The Peoples Bank, Portland, Indiana,* No. F 85–142, was dismissed for lack of jurisdiction in an order dated April 11, 1985. The second case, *Hilgeford v. The Peoples Bank, Portland, Indiana,* 607 F.Supp. 536 (N.D.Ind.), *aff'd,* 776 F.2d 176 (7th Cir.1985) (hereinafter "F 85–154"), was dismissed sua sponte. In addition to dismissing the complaint, this court imposed a Two Hundred Fifty Dollar ($250.00) fine, payable to the court, as a sanction under Rule 11 of the Federal Rules of Civil Procedure, for filing the frivolous suit. The sanction was justified, in large part, because F 85–154 was nearly identical to F 85–142, which the court had previously dismissed. The Seventh Circuit affirmed the Rule 11 sanction in F 85–154 and imposed a Five Hundred Dollar ($500.00) award of

damages to the Peoples Bank, for the filing of the frivolous appeal.

Not long after the Seventh Circuit affirmed the dismissal of F 85–154, the Hilgefords filed this case, F 86–260. In *Hilgeford v. Peoples Bank, Portland, Indiana,* 110 F.R.D. 700 (N.D.Ind.1986), the court stayed this case (F 86–260) "until such time as the plaintiffs produce satisfactory evidence to the court that they have paid the Two Hundred Fifty Dollar ($250.00) fine assessed against them by this court, the Five Hundred Dollar ($500.00) damage award made by the Seventh Circuit, and have paid all costs of the appeal taken in Cause No. F 86–154." *Hilgeford,* 110 F.R.D. at 703. Further, the court provided that this action (F 86–260) would be dismissed if plaintiffs "do not prove they have paid the fine, award, and costs within ninety (90) days...."

The Hilgefords have not paid the Rule 11 sanction imposed by this court, nor is there any evidence to suggest that the damages and costs awarded by the Seventh Circuit have been paid. On the contrary, the Hilgefords simply stamped this court's order VOID and sent it back to the court. They then proceeded to issue an order of their own, filed July 22, 1986, entitled "JUDICIAL NOTICE," wherein they stated that: "... William C. Lee does not have leave of the court nor did he have any other authority to make or put his name to any such order and so the court will hold the order defective and null and void and of no effect."

On July 22, 1986, Attorney Max Ludy entered his appearance for Dale and Ruth Hunt. Like this court's order, Ludy's appearance was "voided" by the Hilgefords and sent back to the court. Apparently, the Hilgefords think they can make up the law as they go along. In a "NOTICE OF NO ACCEPTABLE AND NO SUFFICIENT SURETIES AT LAW," the Hilgefords state that Max Ludy, in "attempting to gain leave of this AT LAW court holds a title of nobility, which is forbidden in this AT LAW court. Any further attempt to gain leave of this AT LAW court without

the aforementioned requirements, as stated herein and stated in the original complaint (Case no. F 86–0260), shall constitute TRESPASS of this AT LAW court." In similar fashion the Hilgefords voided the appearance of Attorney Robert Grant, who represents the other defendants. Obviously, the Hilgefords' conduct has been a burden to the defendants, their counsel, and the court.

### DISMISSAL FOR FAILURE TO PROSECUTE AND FOR WILLFUL CONTEMPT

■ "A district court's ability to dismiss a case *sua sponte* is predicated on the 'inherent power' ... vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Andrew B. Schilling v. Walworth County Park and Planning Commission,* 805 F.2d 272, 274–75 (7th Cir.1986), citing *Link v. Wabash Railroad,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). *See also* Fed.R.Civ.P. 41(b). The sanction of dismissal with prejudice, while a drastic sanction, is appropriate where there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 924 (11th Cir.1986). Where there is a clear record of contumacious conduct, *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983), or where one party's misconduct prejudices the other party so severely that it would be unfair to make the other party proceed, dismissal is appropriate. *Shea v. Donohoe Const. Co., Inc.,* 795 F.2d 1071, 1074 (D.C.Cir.1986). Dismissal may also be appropriate to alleviate the burden that a party's misconduct places on the judicial system, or to punish an abuse of the system and deter future misconduct. *Id.*

■ The sanction of dismissal with prejudice is necessary in this case for all the above reasons. Lesser monetary sanctions have been imposed in F 85–154 and a stay was imposed in this case. Those sanctions have not adequately served the interests of justice. *Goforth v. Owens,* 766 F.2d 1533

(11th Cir.1985). In "voiding" this court's orders, the Hilgefords have manifested their willful contempt for this court. A clearer record of contumacious conduct could not be found. The Hilgefords have harassed the defendants and burdened the court. The record is full of self-serving documents manufactured by the Hilgefords which are unsupported in fact and without basis in law. This is the third lawsuit filed by the Hilgefords which has imposed upon these same defendants the burden of defending themselves against outlandish claims supported only by vague and irrelevant notions of law and twisted and self-manufactured facts. To allow this lawsuit to continue, in view of the plaintiffs' history, in view of the plaintiffs' blatent disregard for this court, and in view of the fact that less drastic sanctions have proved inadequate, would severely prejudice the defendants and burden this court. This cause is therefore dismissed with prejudice.

### RULE 11 SANCTIONS

Rule 11 of the Federal Rules of Civil Procedure requires that each pleading or motion be signed by an attorney or the party if the party is proceeding *pro se.* The rule then provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading violates this rule, the court "shall impose" an "appropriate sanction," which may include the amount of reasonable expenses and attorney's fees incurred by the other party because of the filing of the pleading or motion.

The Notes of the Advisory Committee on the Federal Rules make it clear that Rule 11's provisions are designed to "discourage dilatory or abusive tactics and [to] help streamline the litigation process by lessening frivolous claims or defenses." *See also Dominguez v. Figel,* 626 F.Supp. 368, 373 (N.D.Ind.1986). The Rule applies to anyone who signs a pleading, motion, or other paper, and the same standards apply to *pro se* litigants, although the concerns of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), may be taken into account. *Tarkowski v. County of Lake,* 775 F.2d 173, 176 (7th Cir.1985) (a *pro se* suit is frivolous when it has no basis, either in fact or in law); *Robinson v. Moses,* 644 F.Supp. 975 (N.D.Ind.1986).

The core of Rule 11 is that the signature on the pleading certifies that "after reasonable inquiry [the pleading, motion, or other paper] is *well grounded in fact* and is warranted by existing law...." Thus, Rule 11 sanctions cannot be avoided by a merely subjective belief that the law or facts are a certain way; the "reasonable inquiry" language makes the test an objective one. *Indianapolis Colts v. Mayor and City of Baltimore,* 775 F.2d 177, 181 (7th Cir.1985); *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir.1985); *Dominguez,* 626 F.Supp. at 373.

The Seventh Circuit has made it absolutely clear that an abuse of the federal court system justifies the imposition of sanctions. In *Dreis & Krump Mfg. v. Intern. Ass'n. of Machinists,* 802 F.2d 247 (7th Cir.1986), the court stated:

> Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts. The rules, whether statutory or judge-made, designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt—as a recital of opinions published by this court since the first of the year imposing sanctions for groundless litigation should make clear. *See Bacon v. American Federation of State, Coun-*

*ty, and Municipal Employees Council # 1*, 795 F.2d 33 (7th Cir.1986); *Granado v. Commissioner*, 792 F.2d 91, 94 (7th Cir.1986) (per curiam); *Coleman v. Commissioner*, 791 F.2d 68 (7th Cir.1986); *Spiegel v. Continental Ill. Nat'l Bank*, 790 F.2d 638, 650–51 (7th Cir.1986); *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.1986); *Cannon v. Loyola University*, 784 F.2d 777, 782 (7th Cir.1986); *Wisconsin v. Glick*, 782 F.2d 670 (7th Cir. 1986).

The Hilgefords have abused their right of access to this court.

■ This case falls squarely within the parameters of Rule 11. The pleadings, motions, and other papers filed by the Hilgefords are not well grounded in fact and are not warranted by existing law. Further, many of the papers filed by the Hilgefords can have no other purpose than to harass the defendants and burden this court. The Hilgefords, for example, have attempted to issue their own orders, purporting to act as the court. They have also taken the liberty to file papers, attempting by the use of bizarre and incomprehensible arguments, to invalidate the appearances of Attorneys Max Ludy and Robert Grant. Their filings in this case are supported only by self-manufactured documents, such as a "JUDGMENT ON DECISION BY THE COURT," wherein the Hilgefords award themselves $1,202,623.74 in damages after a purported jury trial in F 85–154, which never took place. That the plaintiffs' claim is utterly frivolous is admitted in the notice to the defendants where the plaintiffs state that they will pursue "any other frivolous law suits that may be filed in the future by anyone, relating to this matter."

As the foregoing clearly demonstrates, plaintiffs have violated Rule 11 on numerous occasions and in numerous ways. Their abusive tactics have seriously prejudiced the defendants and have burdened the court and wasted valuable judicial resources. The court finds that a Rule 11 sanction of One Thousand Dollars ($1,000.00) is appropriate in this case. This order stands as public notice to all future litigants who file lawsuits based on ludicrous self-manufactured documents which are intended to harass defendants: this court will issue Rule 11 sanctions for such lawsuits. While the court is ready and willing to hear lawsuits that are well grounded in fact and supported by existing law, it will not countenance suits based on self-serving documents and pet theories such as the ones employed here.

For the reasons stated above, this action is hereby DISMISSED with prejudice and plaintiffs are hereby ORDERED to pay One Thousand Dollars ($1,000.00) to the clerk of this court as a Rule 11 sanction within 30 days from the date of this order for filing and pursuing this frivolous lawsuit, for submitting papers that are not well grounded in fact, and for harassing the defendants and burdening the court. In addition, the plaintiffs are hereby ORDERED to pay the reasonable attorneys' fees and costs incurred by the defendants in defending this cause, as a further Rule 11 sanction. The defendants are hereby GRANTED ten (10) days from the date of this order to file their detailed request for fees and costs.