Arnold W. HILGEFORD, et al., Plaintiffs,

v.

PEOPLES BANK, INC., PORTLAND, INDIANA, et al., Defendants.

Civ. No. F 86–356.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 12, 1986.

Arnold W. Hilgeford, pro se.

Max C. Ludy, Jr., Portland, Ind., for defendant Dale E. Hunt.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant Dale Hunt's motion to dismiss this petition for a writ of habeas corpus. The petition was filed under 28 U.S.C. § 2254. In an order dated October 27, 1986, plaintiffs were notified of the motion to dismiss and were given twenty days to respond. Plaintiffs have not given a meaningful response. Plaintiffs' response consisted of simply stamping "VOID" on the court's order and sending it back to the court. For the reasons set forth below, plaintiffs' petition is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This is the fourth case filed by the Hilgefords in this court. The first case, *Hilgeford v. The Peoples Bank, Portland, Indiana,* No. F 85–142, was dismissed for lack of jurisdiction in an order dated April 11, 1985. The second case, *Hilgeford v. The Peoples Bank, Portland, Indiana,* 607 F.Supp. 536 (N.D.Ind.), *aff'd,* 776 F.2d 176 (7th Cir.1985) (hereinafter "F 85–154"), was dismissed sua sponte. In addition to dismissing the complaint, this court imposed a Two Hundred Fifty Dollar ($250.00) fine, payable to the court, as a sanction under Rule 11 of the Federal Rules of Civil Procedure, for filing a frivolous suit. The sanc-

232

tion was justified, in large part, because F 85–154 was nearly identical to F 85–142, which the court had previously dismissed. The Seventh Circuit affirmed the Rule 11 sanction in F 85–154 and imposed a Five Hundred Dollar ($500.00) award of damages to the Peoples Bank, for the filing of the frivolous appeal.

The third lawsuit, *Hilgeford v. Peoples Bank, Portland, Indiana,* 110 F.R.D. 700 (N.D.Ind.1986) (hereinafter "F 86–260"), was stayed by this court because the Hilgefords had not paid the sanctions and damages imposed in F 85–154. Plaintiffs were given 90 days to pay the fine, award, and costs in F 85–154 and were informed that F 86–260 would be dismissed for want of prosecution if the fine, award, and costs were not paid. As a result of the plaintiffs' failure to comply with the court's order, F 86–260 was dismissed and a further sanction of One Thousand Dollars ($1,000.00) was imposed for the filing of F 86–260, another frivolous lawsuit. *See Hilgeford v. Peoples Bank, Portland, Indiana,* 713 F.R.D. 161 (N.D.Ind.1986).

The present lawsuit, F 86–356, is the fourth lawsuit which the Hilgefords have filed in this court. In this lawsuit, the Hilgefords seek habeas corpus relief. On September 9, 1986, a probable cause hearing was held in the Jay Circuit Court and that court found reasonable grounds to believe that Arnold Hilgeford had committed criminal trespass by entering some real property, after being denied entry, as a result of foreclosure on the property by Peoples Bank. Hilgeford was taken into custody on September 26, 1986, and entered a plea of not guilty before the Jay Circuit Court on September 26, 1986. Hilgeford was released from custody on October 13, 1986, and a jury trial was scheduled for October 24, 1986. On October 24, 1986, Hilgeford was found guilty of criminal trespass by a six-person jury. Hilgeford was sentenced to a one year term of imprisonment, but all time was suspended except for the time served on October 24, 1986. Thus, as of October 25, 1986, Hilgeford was no longer in custody.

MOTION TO DISMISS FOR MOOTNESS

■ Petitioner is proceeding *pro se. Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and complaints such as the petitioner's are held to less stringent pleading requirements; rigor in the examination of such motions, complaints and pleadings is inappropriate.

■ The sole purpose of 28 U.S.C. § 2254 is to challenge continued confinement pursuant to state convictions. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). A person must be in custody to invoke habeas corpus relief. 28 U.S.C. § 2254. Absent a custodial sentence, or other recognized restraints, one is not in custody and cannot invoke habeas relief. A suspended sentence, in and of itself, is not sufficient to meet § 2254's custody requirement. *Furey v. Hyland,* 395 F.Supp. 1356, 1360 (D.C.N.J.1975), *aff'd,* 532 F.2d 746 (1976). Since petitioner's sentence was suspended on October 24, 1986, and since petitioner is not in custody within the meaning of § 2254, this petition is moot and the court is without jurisdiction in this matter. The petition for a writ of habeas corpus is therefore dismissed.

INJUNCTIVE RELIEF

■ Injunctive relief is necessary to prevent any further abuse to this court and any further prejudice to the defendants, who have been subjected to Hilgeford's vexatious and harassing claims. It is well established that groundless, vexatious, or

repetitive lawsuits should not be tolerated by federal courts. *Matter of Hartford Textile Corp.*, 681 F.2d 895 (2d Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439; *Herrelson v. United States,* 613 F.2d 114 (5th Cir.1980). Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. 28 U.S.C.A. § 1651(a); *In re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984). This court has equitable power to protect defendants from harassment, and to protect itself from the burden of processing frivolous and unimportant papers. *Pavilonis v. King,* 626 F.2d 1075 (1st Cir.1980). While such measures should be applied with caution against a *pro se* litigant, *Hill v. Estelle,* 423 F.Supp. 690, 695 (S.D.Tex. 1976), an injunction may be issued to protect a federal court's jurisdiction, or to prevent the filing of groundless, vexatious, repetitive, or harassing claims. *Pavilonis,* 626 F.2d at 1078–79.

Hilgeford's first three lawsuits in this court were frivolous. In the present suit for habeas relief, Hilgeford has employed harassing tactics. The court will not take valuable time in this order to detail the meritless nature of Hilgeford's previous actions; that has already been done in *Hilgeford v. Peoples Bank, Portland, Indiana,* 110 F.R.D. 700 (N.D.Ind.1986); *Hilgeford v. Peoples Bank, Portland, Indiana,* 607 F.Supp. 536 (N.D.Ind.1985), and *Hilgeford v. Peoples Bank, Portland, Indiana,* F 86–260 (N.D.Ind. December 11, 1986). Rather, the court will briefly summarize the harassing tactics used by Hilgeford in the case at bar.

Hilgeford's original petition in this case is a bizarre, self-serving document, within which he purports at times to be acting as the judge of this court. The petition states in part:

The following understanding of the COURT is founded in BLACK's Law Dictionary, fifth edition, page 318, which the Court takes Judicial Notice of herein: "THE PERSON AND SUIT OF THE SOVEREIGN WITH HIS REGAL RETINUE WHEREVER THE SOVEREIGN MAY BE". The United States Court of Record is the Court of ARNOLD W. and MARTHA A. HILGEFORD, SOVEREIGNS.... It is ordered by the Court that upon failure of the Defendants to produce an injured party, ARNOLD W. HILGEFORD is to be IMMEDIATELY RELEASED from unlawful arrest and incarceration. Otherwise, each and every Defendant is to be held in contempt of Court.

The petition/order is signed by Hilgeford and refers to a number of exhibits, some of which Hilgeford conveniently manufactured himself. Hilgeford's filing of the petition was only the beginning.

On October 10, 1986, Hilgeford issued an "ORDER TO SHOW CAUSE" to Kathryn Householder and Lana Melton, deputy clerks of this court, for "failure to perform fiduciary obligations." An "ORDER OF MASTER" was also issued on October 10, 1986, wherein Hilgeford purported to make Russell Evans his "MASTER by Appointment." Acting as "MASTER," Russell Evans "ordered" arrest warrants for all the defendants, and for Householder and Melton. On October 16, 1986, Attorney Max C. Ludy was forced to enter an appearance for defendant Dale Hunt. Hilgeford did not like the fact that Hunt had obtained counsel and simply stamped Ludy's appearance document VOID.

By November 11, 1986, Hilgeford's conduct had become even more bizarre. In a filing entitled "JUDICIAL NOTICE," Hilgeford took it upon himself to attempt to alter the jurisdiction of the court.

JUDICIAL NOTICE

The Court will take Judicial Notice that the enigma and veritable Mafia Boss, William C. Lee, is in the process of trespassing lawlessly on this At-Law Court (See Attached Voided Copy of Trespass). Interloper, William C. Lee's orders are defective and are not admissible into this Court of Record and are herein attached as Null & Void. Charla-

tan, William C. Lee has no authority to enter this Court of Law to exercise autonomous, impeachable acts. Any and all jurisdictional powers to certify orders of this Court are sustained with the Superior appointed Magistrate/Master, Russell F.D. Evans.

By this time, Hilgeford, by his own "authority," had named Householder and Melton as defendants in this action. This brief overview of Hilgeford's absurd filings and contumacious conduct does not begin to give a comprehensive view of the large number of nonsensical filings made in this case, not to mention the previous three cases.

The filings Hilgeford has made in all four cases have burdened not only the defendants, many of whom have been named in all the cases, but also the court itself. As noted in this court's prior opinions regarding Hilgeford's lawsuits, his claims have not been well grounded in fact or supported by law, and some have deserved the imposition of sanctions. To date, the clerk of this court has no record of the plaintiffs having paid the Rule 11 sanctions imposed by this court, nor is there any indication that the damages and costs awarded by the Seventh Circuit in F 85–154 have been paid. Hilgeford has ignored this court's previous orders. He has voided orders issued by this court and has issued orders himself. All four lawsuits filed by Hilgeford have the same factual background; plaintiffs' eviction from some real property after foreclosure by the Peoples Bank, which had loaned plaintiffs some money secured by a mortgage on the property. It was this land upon which Hilgeford trespassed, which in turn led to his conviction in the state court, and ultimately this habeas petition. While his habeas petition was not frivolous on its face, Hilgeford's first three lawsuits were not brought in good faith, and were frivolous. All four lawsuits have been vexatious, harassing, and repetitive. Fines and sanctions have been useless.

■ To prevent Hilgeford from continuing to file frivolous documents an injunction will be issued. The court is not issuing this injunction because Hilgeford filed this habeas action. The court is issuing the injunction because Hilgeford's three previous actions were frivolous, and because in all four actions Hilgeford has harassed the defendants and burdened the court with ludicrous self-manufactured filings and with his contumacious conduct. Hilgeford is not enjoined from filing habeas petitions or other extraordinary writs, nor is he enjoined from filing any other action that is not frivolous. This injunction is intended to give district courts an opportunity to screen out all frivolous actions and all actions which have previously been filed by Hilgeford and which should not be filed again.

Accordingly, Hilgeford's petition for habeas relief is DISMISSED as moot, and it is hereby ORDERED that:

1. Hilgeford, or anyone acting on his behalf, is hereby ENJOINED from filing any action in any federal court in the United States arising out of the Peoples Bank's foreclosure on the property securing plaintiffs' loan;

2. Hilgeford, or anyone acting on his behalf, is hereby ENJOINED from filing any new action or proceeding in any federal court without first obtaining leave of that court by way of the procedure specified herein for obtaining leave;

3. Hilgeford, or anyone acting on his behalf, is hereby ENJOINED from filing any document in any federal court, in any case to which he is not a party, without first seeking leave of the court; and

4. Hilgeford, or anyone acting on his behalf, is hereby ENJOINED from filing any document, or any new action or proceeding wherein he purports to be acting as the court.

5. Hilgeford, or anyone acting on his behalf, is hereby ENJOINED from filing any documents which are based on fabricated facts or frivolous legal theories; such documents will be stricken from the record forthwith.

It is also FURTHER ORDERED that the following procedures for obtaining leave are to be followed in order to comply with this injunction. In seeking leave to file a complaint in any federal district court, Hilgeford, or anyone acting on his behalf, must file with the complaint a motion captioned "Motion Pursuant to Court Order Seeking Leave to File." The following documents must be attached to that motion: (i) a copy of this order; (ii) a sworn affidavit certifying that the claims Hilgeford, or anyone acting on his behalf, wishes to present are new claims never before raised in any federal court; (iii) a list of the full captions of each and every suit filed by Hilgeford, or on his behalf, against each and every defendant to the suit he wishes to file; and (iv) a copy of every previously filed complaint and a certified record of its disposition. Any new action or proceeding which Hilgeford, or anyone acting on his behalf, seeks to file in any federal district court will not be file marked until the judge of that court grants Hilgeford or anyone acting on his behalf leave to file that new action or proceeding. If leave to file is granted, a copy of this order must then be served on each defendant.

Nothing in this order shall be construed as affecting Hilgeford's ability to defend himself in any criminal action. Nothing in this order shall be construed to deny Hilgeford access to the federal courts through the filing of a petition for a writ of habeas corpus or other extraordinary writ. Nothing in this order shall be construed as denying Hilgeford access to the United States Court of Appeals.

Upon failure to comply with any of the terms of this injunction, Hilgeford may be found in contempt of this court and punished accordingly. Any defendant in any federal court action who believes that Hilgeford has failed to comply with the terms of this injunction may file an affidavit to that effect with the clerk of the court, Northern District of Indiana, Fort Wayne Division, under the docket number F 86–356.

## RULE 11 SANCTIONS

Many of Hilgeford's filings in this case were not well grounded in fact or warranted by existing law. Many of the filings have harassed the defendants, in violation of Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires that each pleading or motion be signed by an attorney or the party if the party is proceeding *pro se*. The rule then provides:

The signature of an attorney or party constitutes

a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading violates this rule, the court "shall impose" an "appropriate sanction," which may include the amount of reasonable expenses and attorney's fees incurred by the other party because of the filing of the pleading or motion.

■ The Notes of the Advisory Committee on the Federal Rules make it clear that Rule 11's provisions are designed to "discourage dilatory or abusive tactics and [to] help streamline the litigation process by lessening frivolous claims or defenses." *See also Dominguez v. Figel*, 626 F.Supp. 368, 373 (N.D.Ind.1986). The Rule applies to anyone who signs a pleading, motion, or other paper, and the same standards apply to *pro se* litigants, although the concerns of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), may be taken into account. *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir.1985) (a *pro se* suit is frivolous when it has no basis, either in fact or in law); *Robinson v. Moses*, 644 F.Supp. 975 (N.D.Ind.1986).

■ The core of Rule 11 is that the signature on the pleading certifies that "after

reasonable inquiry [the pleading, motion, or other paper] is *well grounded in fact* and is warranted by existing law. . . ." Thus, Rule 11 sanctions cannot be avoided by a merely subjective belief that the law or facts are a certain way; the "reasonable inquiry" language makes the test an objective one. *Indianapolis Colts v. Mayor and City of Baltimore,* 775 F.2d 177, 181 (7th Cir.1985); *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir.1985); *Dominguez,* 626 F.Supp. at 373.

The Seventh Circuit has made it absolutely clear that an abuse of the federal court system justifies the imposition of sanctions. In *Dreis & Krump Mfg. v. Intern. Ass'n. of Machinists,* 802 F.2d 247 (7th Cir.1986), the court stated:

Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts. The rules, whether statutory or judge-made, designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt—as a recital of opinions published by this court since the first of the year imposing sanctions for groundless litigation should make clear. *See Bacon v. American Federation of State, County, and Municipal Employees Council #13,* 795 F.2d 33 (7th Cir.1986); *Granado v. Commissioner,* 792 F.2d 91, 94 (7th Cir.1986) (per curiam); *Coleman v. Commissioner,* 791 F.2d 68 (7th Cir.1986); *Spiegel v. Continental Ill. Nat'l Bank,* 790 F.2d 638, 650–51 (7th Cir.1986); *Thornton v. Wahl,* 787 F.2d 1151 (7th Cir.1986); *Cannon v. Loyola University,* 784 F.2d 777, 782 (7th Cir.1986); *Wisconsin v. Glick,* 782 F.2d 670 (7th Cir. 1986).

The Hilgefords have abused their right of access to this court.

■ This case falls squarely within the parameters of Rule 11. The pleadings, motions, and other papers filed by the Hilgefords are not well grounded in fact and are not warranted by existing law. Further, many of the papers filed by the Hilgefords can have no other purpose than to harass the defendants and burden this court. The Hilgefords, for example, have attempted to issue their own orders, purporting to act as the court. They have also taken the liberty to file papers, attempting by the use of bizarre and incomprehensible arguments, to invalidate the appearances of Attorneys Max Ludy and Robert Grant. Their filings in this case are supported only by self-manufactured documents, such as an "ORDER OF MASTER" wherein Hilgeford made Russell Evans his "MASTER by appointment." Acting as Hilgeford's master, Evans took it upon himself to "order" arrest warrants for all of the defendants, and for Householder and Melton, deputy clerks of this court. The Hilgefords have voided various filings properly made in this court and have attempted to alter the jurisdiction of this court by their order entitled "JUDICIAL NOTICE." The test of Rule 11 is an objective one, *Indianapolis Colts,* 775 F.2d at 181, which the Hilgefords have violated, by any standard but their own.

As the foregoing clearly demonstrates, plaintiffs have violated Rule 11 on numerous occasions and in numerous ways. Their abusive tactics have seriously prejudiced the defendants and have burdened the court and wasted valuable judicial resources. The court finds that a Rule 11 sanction of One Thousand Dollars ($1,000.00) is appropriate in this case. This order stands as public notice to all future litigants who file ludicrous self-manufactured documents which are intended to harass defendants: this court will issue Rule 11 sanctions for such lawsuits. While the court is ready and willing to hear lawsuits that are well grounded in fact and supported by existing law, it will not countenance suits based on self-serving documents and pet theories such as the ones employed here.

For the reasons stated above, this action is hereby DISMISSED as moot and the Hilgefords are hereby ENJOINED as ordered above. Further, plaintiffs are here-

by ORDERED to pay One Thousand Dollars ($1,000.00) to the clerk of this court as a Rule 11 sanction within thirty (30) days from the date of this order for submitting papers that are not well grounded in fact, and for harassing the defendants and burdening the court.