**Forrest Gene ENGLISH, et al., Plaintiffs,**

**v.**

**William J. COWELL, et al., Defendants.**

**No. 84–3299.**

United States District Court, C.D. Illinois, Springfield Division.

Aug. 27, 1987.

See also D.C., 117 F.R.D. 132; D.C., 117 F.R.D. 137.

Forrest Gene English, pro se.

Michael O'Hara, Springfield, Ill., for defendants.

OPINION ORDER

MILLS, District Judge:

Plaintiff has inundated this Court with a plethora of procedural garbage. And over the 11-year life span of this meritless trash, the Defendant union has been forced to expend untold time and expense to fight a pattern of blatant harassment.

By this ruling, the Court *sua sponte* dismisses this tenth and final cause of action and enjoins the Plaintiff from ever filing another lawsuit—in any federal court, at any time, for any reason—without first obtaining leave of Court.

## I. Procedural History

On June 15, 1976, Forrest English (a/k/a Guy S. Levine) filed suit in this Court against Local Union No. 46, International Association of Bridge, Structural and Ornamental Iron Workers, and named officers of the local union, seeking a declaration of rights under 29 U.S.C. §§ 411, 412. That suit eventually went to trial by bench and the Court found in favor of the Defendants. Whatever merit the original suit had, the Court must now conclude that the date of that filing of that lawsuit was more infamous than momentous.

That suit was the fountainhead for numerous related actions filed in this district court, all of which were related to English's running battle with Local No. 46. Here is the list:

1. *English v. Wells,* No. 78–3065
2. *English v. Trogolo,* No. 78–3116
3. *English v. Beckman,* No. 78–3117
4. *English v. Schroeder,* No. 78–3170
5. *English v. Local Union No. 46,* No. 79–3022
6. *English v. Local Union No. 46,* No. 79–3036
7. *English v. Union Officers & Members of Local Union No. 46,* No. 83–3383
8. *English v. Siddens,* No. 84–3271
9. *English v. Cowell,* No. 84–3299
10. *English v. Fines,* No. 86–3041

We will not attempt the Herculean task of detailing how each of these cases wound its way through the court system. Suffice to say that most of the cases saw their demise for failure to prosecute or were otherwise dismissed on legal grounds.

As of October 24, 1985, five of these lawsuits remained pending. On that date, the Magistrate entered a recommendation and order which among other things consolidated Cases Nos. 78–3116, 79–3022, 79–3036, 84–3271, and 84–3299 under the rubric of Case No. 84–3299, this case number. In 78–3116, the Magistrate let stand three counts brought under the LMRDA. In 79–3022, the Magistrate dismissed numerous paragraphs of the complaint; however, claims brought under 29 U.S.C. §§ 411(a)(1) and 411(a)(3)(A) were not dismissed. The Magistrate then found that although No. 79–3036 had been previously dismissed, the Court would treat Plaintiff's motion as one to vacate judgment under Fed.R.Civ.P. 60(b) and allow the parties to brief the issue. Eventually, this Court denied Plaintiff's motion to re-open 79–3036 and it remains closed.

Moving along to No. 84–3271, the Magistrate recommended dismissal of all but one count of a 45–page, 112–paragraph complaint. Finally, in 84–3299, the Magistrate recommended dismissal of five counts of a six-count complaint, allowing Plaintiff to maintain his action based on his termination from the union pursuant to 29 U.S.C. § 411(a)(5). This Court adopted the Magistrate's recommendation and the cases proceeded.

On December 18, 1986, this Court came a step closer to resolving these cases when we stayed all discovery proceedings. We specifically found that "... the vast bulk of Plaintiff's discovery requests are either irrelevant, duplicative, or attempts at discovering information previously denied in a prior motion to compel. The existence of a trickle of valid discovery requests does not warrant allowing Plaintiff to continue what has no doubt become an unduly oppressive and burdensome pattern of discovery tactics." *English v. Cowell,* —— F.Supp. ——, ——, No. 84–3299, order at p. 9 (C.D.Ill. Dec. 18, 1986) (citations omitted). In fact, the plethora of frivolous discovery requests

filed by Plaintiff is indeed reflective of Plaintiff's vexatious behavior throughout the conduct of this litigation.

Upon Defendants' motion raised at the pretrial conference, we reconsidered whether cases numbered 79–3002, 84–3271, and 84–3299 should be dismissed as time barred. For reasons stated in that order, we agreed with Defendants that initially we had applied the wrong statute of limitations period. These cases were indeed barred by the statute of limitations when applying the correct federal statute of limitations period. Thus, cases No. 79–3002, 84–3271, and 84–3299 were dismissed. *See English v. Cowell,* —— F.Supp. ——, No. 84–3299 (C.D.Ill. June 9, 1987).

That brings us up to date.

All that remains is Case No. 78–3116. Plaintiff has filed a partial motion for summary judgment with regard to Count III of this complaint. Plaintiff has voluntarily dismissed Counts I and II. Not only do we deny Plaintiff's motion, we go further and *sua sponte* dismiss this last remaining suit and enjoin Plaintiff from filing any lawsuit in federal court without prior leave of Court.

## II. Dismissal of No. 78–3116

Counts I and II of this complaint have been voluntarily dismissed by Plaintiff. In Count III Plaintiff asks this Court to order Local No. 46 to make available to Plaintiff for examination all books, records, and accounts necessary to audit Local No. 46 and for attorneys' fees for the suit.

Under 29 U.S.C. § 431(c) a union member may enforce his right to inspection in district court if he can show "just cause" for an examination of the union records. Just cause has been defined as "a suspicion that would put a reasonable union member to further inquiry." *Landry v. Sabine Independent Seaman's Assoc.,* 623 F.2d 347, 349 (5th Cir.1980). Even assuming that Plaintiff could meet this requirement, we believe that this count should be dismissed for two reasons.

### A. Mootness

■ First, the question of whether this Court should order the local to give Plaintiff access to the records, specifically the LM–2 reports Plaintiff complains of, is at this point in time moot.

The unrefuted affidavits and supporting materials of record indicate that Plaintiff has been given access to or opportunity to have access to virtually all of Local 46's financial records for the past 15 years.

In a related case involving the same parties, this Court issued a subpoena requiring production of all of the Local's financial documents used to generate the LM–2 forms. Plaintiff, then represented by counsel, copied many of the documents and had opportunity to copy others.

The right to inspect union records guaranteed by 29 U.S.C. § 431(c) does not exist in perpetuity. Here, the record indicates that Plaintiff has had all the access required under § 431(c). Defendants' affidavits, along with Plaintiff's own voluminous filings, demonstrate that he has continued to enjoy access to the union's financial records. Hence, we find that this claim is moot.

### B. *Sua Sponte* Dismissal

■ Second, we also believe that dismissal is warranted under our own inherent power to achieve the orderly and expeditious disposition of our cases. *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 274–75 (7th Cir. 1986) (*citing Link v. Wabash R.R.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962)).

This Court recognizes that a *sua sponte* dismissal is a harsh sanction requiring great circumspection in its use. *Id.* However, it may be resorted to when, "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Id.* (*quoting Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983).

Dismissal is also appropriate "where one party's misconduct prejudices the other party so severely that it would be unfair to make the other proceed ..." *Hilgeford v. People's Bank, Inc., Portland, Ind.,* 113 F.R.D. 161, 163 (N.D.Ind.1986) (*citing Shea*

*v. Donohoe Const. Co.,* 795 F.2d 1071, 1074 (D.C.Cir.1986)).

Applying these standards, dismissal of this case is required. The entire pattern of prosecution of this lawsuit and the others brought by Plaintiff reeks of delay and harassment. Plaintiff's *modus operandi* seems to follow the pattern of filing suit after suit based on the same allegations and then dismissing them on the eve of trial only to refile and make Defendants once again go through the expense of responding to the allegations. To make Defendants continue to be subject to this abuse of process would be a travesty. The entire record is replete with examples of Plaintiff's use of dilatory and harassing tactics.

Furthermore, lesser sanctions have not been successful. Both this Court and the Seventh Circuit have subjected English to monetary sanctions for his filing of frivolous claims. The record does not reveal that English has complied with any of the sanction orders. Numerous pending sanction orders exist and appear to be valid. Therefore, this final suit must be dismissed.

### C. Injunctive Relief

In affirming our adoption of the Magistrate's recommendation to dismiss one of English's lawsuits, the Seventh Circuit recently commented that "he [English] has made a career of suing Local 46 under the LMRDA; it is long past time when he can plead ignorance . . . His decision to be his own lawyer is not a license to impose costs on Local 46 and its officers, to make the process the punishment." *English v. Siddens,* No. 86–1193, Order at 3 (7th Cir. July 31, 1987) [826 F.2d 1068 (table) ].

Indeed, English has continued to make the process the punishment. After more than eleven years of repetitive and vexatious litigation concerning essentially identical claims, we believe an injunction preventing the filing of additional lawsuits by this Plaintiff is necessary to protect this Court's jurisdiction. We also believe it is necessary to prevent further harassment to these Defendants from having to defend against Plaintiff's groundless claims. This Court is loathe to resort to this drastic remedy; however, we have the power to do so and the history of this litigation demands that we put an end to this dispute. *See Hilgeford v. People's Bank, Inc., Portland, Ind.,* 652 F.Supp. 230, 233 (N.D.Ind. 1986) (*citing In re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984); *Pavilonis v. King,* 626 F.2d 1075 (1st Cir.1980)).

### III. Conclusion

*Ergo,* Case No. 78–3116 is dismissed. It is hereby ordered that: (1) English, or anyone acting on his behalf, is hereby enjoined from filing any action in any federal court in the United States arising out of this dispute with Local No. 46 or any of its officers; (2) English, or anyone acting on his behalf, is hereby enjoined from filing any new action or proceeding in any federal court without first obtaining leave of that court by way of the procedures specified herein for obtaining leave; (3) English, or anyone acting on his behalf, is hereby enjoined from filing any document in any federal court, in any case to which he is not a party without first seeking leave of the Court.

In seeking leave to file a complaint in any federal district court, English, or anyone acting on his behalf, must file with the complaint a motion captioned "Motion Pursuant to Court Order Seeking Leave to File". The following documents must be attached to that motion: (1) a copy of this order; (2) a sworn affidavit certifying that the claims English, or anyone acting on his behalf, wishes to present are new claims never before raised in any federal court; (3) a list of the full captions of each and every suit filed by English, or on his behalf, against each and every defendant to the suit he wishes to file; and (4) a copy of every previously filed complaint and a certified record of its disposition. Any new action or proceeding which English, or anyone acting on his behalf, seeks to file in any federal district court will not be filemarked until the judge of that court grants English or anyone acting on his behalf leave to file that new action or proceeding. If leave to file is granted, a copy of this order *must* then be served on each Defend-

ant. Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave made by English or anyone acting on his behalf. Further, the failure by English to advise a court in which he has filed a lawsuit of this order or to comply with this order may be considered by such court a sufficient defense to sustain a motion to dismiss such a lawsuit.

Nothing in this order shall be construed as affecting English's ability to defend himself in any criminal action. Nothing in this order shall be construed to deny English access to the federal courts through the filing of a petition for a writ of habeas corpus or other extraordinary writ. Nothing in this order shall be construed as denying English access to United States Court of Appeals.

Upon failure to comply with any of the terms of this injunction, English may be found in contempt of this Court and punished accordingly.

We retain jurisdiction to consider Defendants' consolidated motion for sanctions under Rule 11.

With the exception of ruling on the Rule 11 sanctions, this case is CLOSED.

See also D.C., 117 F.R.D. 137.