**In the Matter of CERTIFIED MORTGAGE CORP., Debtor.**

**BANKERS LIFE COMPANY, Plaintiff,**

v.

**CERTIFIED MORTGAGE CORP., Defendant.**

**Bankruptcy No. 81–363.
Adv. No. 81–625.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

May 20, 1982.

Maynard Ramsey, Tampa, Fla., for plaintiff.

James Shuler, and Domenic Massari, Tampa, Fla., for defendant.

ALEXANDER L. PASKAY, Bankruptcy Judge.

MEMORANDUM OPINION ON
COMPLAINT TO MODIFY
THE AUTOMATIC STAY

THIS IS a Code Chapter 11 case and the matter under consideration is the right of Certified Mortgage Corp. (Certified), the

Debtor involved in this business reorganization case to continue to enjoy the protective provision of the automatic stay imposed by § 362(a) of the Bankruptcy Code. Certified's right to continuation of the automatic stay is challenged by Bankers Life Company (Bankers), the Plaintiff who, by virtue of an assignment (Pl's Exh. # 3), is a holder of a mortgage on a property involved in this controversy. Bankers seeks to be relieved from the constraint of the automatic stay, pursuant to § 362(d) of the Bankruptcy Code, in order to institute a foreclosure action. The subject property is a single family residential unit with 1,041 square feet of living area located in the subdivision. The property is currently rented by the Debtor who receives monthly rent of $350. Bankers did not seek and the Debtor did not offer any adequate protection; thus, Bankers right to relief shall be determined solely with reference to the record and the proof presented in support of and in opposition of the relevant issues under § 362(d)(2). The valuation placed on the property by the respective experts ranges from $37,500 to as high as $45,000. It is without dispute that the Debtor has been attempting to sell this subject property since last fall without any success and has yet to present any real prospect for the sale of this property. While it is true that the property was not on multiple listing until recently, it is now listed. It is without serious dispute that the real estate market at this time is extremely soft and the likelihood of an early sale, contrary to the contention of the president of the Debtor, is not very strong.

In an action to lift the automatic stay by virtue of § 362(g) the burden to establish lack of equity is on the plaintiff but on any other issues, the burden is on the Debtor who opposes the lifting of the stay. This burden includes not only the burden of going forward, but also the burden of ultimate persuasion. Taking into consideration the expert testimony, the equity of the Debtor in the subject property, if there is any, is at most marginal. Considering the recent sales in the area, it is fair to conclude that the value of this property is slightly under $40,000 and considering the balance due and the daily accrual of interest on the mortgage, any substantial delay would soon wipe out any equity which might have existed in favor of the Debtor at one time. The efforts of the Debtor to liquidate its property were to say, at least, less than vigorous which might be understandable in light of the fact that the Debtor enjoys the benefit of the income derived from the property without meeting its obligation to service the mortgage. The testimony offered in support of the proposition that this particular piece of property is needed for an effective reorganization is not particularly persuasive although the president of the Debtor indicated that the need for reorganization is based on the fact that if the property is sold it might produce surplus cash which could be used to fund the reorganization in part. Of course, this proposition is persuasive only if one accepts the proposition that there is, in fact, a meaningful equity which would produce these surplus funds. The fact that the Debtor derives income from the subject property is significant only in the context of the Debtor's present ability to function as a business, but has no impact on the Debtor's overall ability to effectuate a reorganization. This being the case, this Court is satisfied that there is no justification to extend the protection of the automatic stay for any substantial length of time. The petition for relief in this case was filed on March 19, 1981 or over a year ago. Although the Debtor filed a plan of reorganization, it has yet to file a disclosure statement which, of course, is a condition precedent before the plan of reorganization can be considered for approval pursuant to § 1125 of the Bankruptcy Code.

In light of the foregoing, it is appropriate to lift the automatic stay and authorize the Plaintiff to commence a foreclosure action provided, however, that the Plaintiff shall not proceed further than to obtain a summary final judgment and further provided that the Plaintiff shall not apply for and conduct a foreclosure sale without further relief of this Court.

A separate final judgment will be entered in accordance with the foregoing.