In re Gary HAUGEN, Debtor.

Gary HAUGEN, Plaintiff,

v.

BUTLER MACHINERY, INC.,
Defendant.

Bankruptcy No. 90–05296.
Adv. No. 90–7059.

United States District Court,
D. North Dakota,
Southwestern Division.

Oct. 18, 1990.

Robert S. Rau, Minot, N.D., for plaintiff.

James Levy, Minneapolis, Minn., for defendant.

ORDER

CONMY, Chief Judge.

Before the court is a review of the Bankruptcy Court's Report and Recommendation issued in relation to the adversary proceeding referenced above. The Bankruptcy Court's recommendation is that it abstain from hearing the current adversary

proceeding because the issues raised concern primarily state law. The parties have objected to the Bankruptcy Court's recommendation. Plaintiff suggests that this court hear the case.

After a review of the Bankruptcy Court's Report and Recommendation and the file, the court finds abstention is appropriate. Therefore, pursuant to Rule 9033 of the Federal Bankruptcy Rules, the Bankruptcy Court's Report and Recommendation is hereby adopted and Plaintiff's case against the Defendant is dismissed without prejudice to its refiling in the appropriate state court.

## REPORT AND RECOMMENDATION

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before . the court sua sponte to determine whether this court has subject matter jurisdiction over a pending adversary filed by the Debtor, Gary Haugen, on August 14, 1990. The defendant, Butler Machinery, Inc., filed a Motion for Summary Judgment pursuant to Bankruptcy Rule 7056 on August 31, 1990, and asserts that the defendant is entitled to judgment as a matter of law. The court on its own motion brings this matter to determine whether the court should abstain from this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1). The court is quite familiar with the facts upon which the plaintiff, Gary Haugen, bases his several legal claims. The facts necessary for the determination of this present Report and Recommendation are as follows:

### Factual Background

1.

In February 1985 the defendant, Butler Machinery, Inc., (Butler), obtained a state court judgment against Haugen Construction Services, Inc., (Haugen Construction), an entity which sole shareholder was Gary Haugen. After a Chapter 11 bankruptcy petition was filed by Haugen Construction on June 3, 1986, Butler commenced an adversary proceeding to determine that Gary Haugen and his related corporate entities (*i.e.,* Minot Sand and Gravel) would be held jointly and severally liable for the debts

incurred by Haugen Construction. This court issued a Report and Recommendation which was adopted by the United States District Court for the District of North Dakota on July 21, 1989, holding Gary Haugen personally, and Minot Sand and Gravel jointly and severally liable for all debts of Haugen Construction Services, Inc. *See, In re Haugen Construction Services, Inc.,* 104 B.R. 1013 (Bankr.D.N.D.1989).

The above-mentioned federal Judgment was filed by the Clerk of the District Court, Ward County, North Dakota as a foreign judgment on December 26, 1989. A Writ of Execution was issued by the Clerk of District Court, Ward County, North Dakota on January 5, 1990. On January 23, 1990, the sheriff levied upon certain assets of Gary Haugen. These assets were sold at a sheriff's auction on March 4–5, 1990.

By Complaint filed on August 14, 1990, the Debtor, Gary Haugen, seeks monetary damages against the defendant, Butler Machinery, for an alleged excessive and wrongful execution and levy, *inter alia.* The Debtor's allegations, by way of his Complaint, are summarized as follows:

1. That the Writ of Execution was invalid and violated the stay provisions of the North Dakota Rules of Civil Procedure and as such was an abuse of process.

2. The notice provisions of North Dakota Century Code ch. 28–20.1 are unconstitutional.

3. The Writ of Execution is voidable in that it denied the plaintiff statutory benefits and due process and equal protection rights.

4. The execution notice was improperly served pursuant to North Dakota laws.

5. The federal Judgment is not a foreign judgment pursuant to North Dakota Century Code ch. 28–20.1.

6. Butler's attempt to modify the federal Judgment by the Honorable E. Nels Olson, North Dakota District Court Judge for Ward County, by imposing liability upon Gary Haugen was a denial of due process and equal protection.

7. The levy was excessive and wrongful.

8. Butler converted property of Haugen.

9. That the plaintiff, Haugen, has suffered emotional distress.

10. In addition, Gary Haugen demands a jury trial.

## Discussion

### 1.

### Subject Matter Jurisdiction

■■ It is well established that an issue of subject matter jurisdiction of a court may be raised sua sponte and that it is the duty of every federal court to raise the issue as a "threshold inquiry" in all federal proceedings. *In re Arctic Cat Enterprises, Inc.,* 68 B.R. 71, 75 (Bankr.D.Minn. 1986); 28 U.S.C. § 1334(c)(1); *see also, In re Terracor,* 86 B.R. 671, 677 (Bankr.D. Utah 1988) (bankruptcy court may raise issue of abstention sua sponte); *see generally, Bellotti v. Baird,* 428 U.S. 132, 143, 96 S.Ct. 2857, 2864, 49 L.Ed.2d 844 (1976) (abstention may be raised by courts sua sponte); *Naylor v. Case & McGrath, Inc.,* 585 F.2d 557 (2nd Cir.1978).

■ Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, the bankruptcy court has no general grant of jurisdictional authority but is restricted by the provisions of 28 U.S.C. § 1334. *In re American Energy, Inc.,* 50 B.R. 175, 177 (Bankr.D.N.D.1985). Section 1334(b) grants the District Court "original but not exclusive jurisdiction over all civil proceedings arising under or related to cases under title 11." However, there is a distinction between the authority of a bankruptcy judge in a proceeding which "arises under or in a case under title 11" and in one which is merely "related" to a case under title 11. 28 U.S.C. § 157(b), (c); *In re Craft Architectural Metals Corp.,* 115 B.R. 423, 427 (Bankr.E.D.N.Y.1989). Section 157(b)(1) authorizes a bankruptcy judge to hear and determine "all cases under title 11 and all core proceedings arising under title 11". 28 U.S.C. § 157(b)(1); *In re Craft Architectural Metals Corp.,* 115

B.R. 423, 426 (Bankr.E.D.N.Y.1989); *see also, In re American Energy, Inc.,* 50 B.R. 175, 178 (Bankr.D.N.D.1985).

■ The term "core proceeding" is not defined by the Bankruptcy Code but courts have generally defined them as a proceeding which would not exist at law in absence of the Bankruptcy Code or "those proceedings which are integral to the core bankruptcy function of restructuring debtor-creditor rights." *In re American Energy, Inc.,* 50 B.R. 175, 178 (Bankr.D.N.D.1985); *In re Craft Architectural Metals Corp.,* 115 B.R. 423, 427 (Bankr.E.D.N.Y.1989). This court in *American Energy* stated:

A common sense interpretation of the term "core" would dictate that it include only those proceedings which are specifically defined in [section 157] (b)(2)(B)–(N) or in the Bankruptcy Code itself.

*In re American Energy, Inc.,* 50 B.R. 175, 178 (Bankr.D.N.D.1985).

Clearly, Haugen's present adversary proceeding seeking monetary damages for excessive and wrongful levy, emotional distress, and conversion is not a core proceeding pursuant to section 157 and correlating case law. However, this does not preclude a bankruptcy judge from hearing the case and rendering proposed findings if the proceeding is otherwise "related to the case under title 11." *Id.* at 179.

■ For a proceeding to be "related to" a bankruptcy case for purposes of bankruptcy jurisdiction, courts require that it "have some effect on the administration of the debtor's estate." *In re Dogpatch U.S.A., Inc.,* 810 F.2d 782, 783 (8th Cir. 1987); *see also, In re American Energy, Inc.,* 50 B.R. 175 (Bankr.D.N.D.1985) (related means that there must exist a direct relationship to the administration of the bankruptcy estate). The present adversary proceeding seeks to recover money damages for an alleged wrongful and excessive levy. A recovery in the present case would bring money into the Debtor's Chapter 11 case. Under the broad definition of "related" used by the Eighth Circuit in *In re Dogpatch, supra,* it is conceivable that the outcome of the plaintiff's proceeding could

have an effect on the administration of the Debtor's estate. Therefore, the court finds that the present adversary action is a "related" proceeding.

### 2.
### *Abstention*

 The statutory provisions allowing for discretionary abstention are codified in 28 U.S.C. § 1334(c)(1). Pursuant to section 1334(c)(1) a bankruptcy judge may abstain from hearing a related bankruptcy proceeding "in the interests of justice or in the interests of comity with the State courts or respect for State law." *In re Titan Energy*, 837 F.2d 325, 330 (8th Cir.1988); 28 U.S.C. § 1334(c)(1). The plaintiff's present cause of action is principally and fundamentally grounded in state law and bears a limited connection to the Debtor's present bankruptcy case. Haugen's principal claim stems from an alleged invalid filing of a Writ of Execution and subsequent wrongful and excessive levy by the defendant, Butler Machinery. The plaintiff's basis for these allegations are North Dakota Century Code ch. 28–20.1 [Enforcement of Foreign Judgments] and Rule 62(a) of the North Dakota Rules of Civil Procedure. Moreover, the plaintiff asserts that the North Dakota statutes, specifically 28–20.1 are unconstitutional and violative of due process and equal protection guarantees. While initially the defendant had a federal judgment, such judgment was filed with the Ward County District Court for execution and levy. It is this court's opinion that the plaintiff's allegations are primarily based upon state court actions and state law and therefore, are properly decided in a state forum. Where a court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling. *In re Titan Energy*, 837 F.2d 325, 332 (8th Cir.1988) citing *In re Futura Industries, Inc.*, 69 B.R. 831, 835 (Bankr.E.D.Pa.1987).

Furthermore, the Debtor filed with his Complaint a demand for a jury trial. Without deciding the question of whether a debtor is entitled to a jury trial in this adversary proceeding, the Eighth Circuit has held that bankruptcy courts are without the statutory authority to conduct such jury trials. *In re United Missouri Bank of Kansas City*, 901 F.2d 1449, 1454 (8th Cir.1990).

In addition, because of the early nature of this adversary proceeding, no answer has been filed and the parties have not engaged in any discovery. Hence, neither party will be prejudiced by the court exercising its discretion to abstain.

Accordingly, because this adversary proceeding is primarily based upon state law and could be economically and properly adjudicated in a state forum and since the claims are only incidentally related to the present bankruptcy proceeding, the bankruptcy court ought to abstain. Therefore, this court respectfully recommends the District Court enter an order abstaining pursuant to 28 U.S.C. § 1334(c)(1) from a resolution of this present adversary proceeding between Gary Haugen and Butler Machinery.

Dated this 24th day of September, 1990.