**In re Gregory NOVAK, Debtor.**

**Bankruptcy No. 90–42426–W–13.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 5, 1990.

Mark A. Ransom, Independence, Mo., for debtor.

Bruce E. Strauss, Kansas City, Mo., for Greg Kipnis.

Rick Fink, Chapter 13 Trustee.

## MEMORANDUM OPINION
### FRANK W. KOGER, Chief Judge.

In reality this is a single debtor, single creditor Chapter 13 reorganization. Debtor purchased his 7,000 square foot home from creditor's mother in 1983 for $248,-000.00. Debtor now owes $114,000.00 and creditor admits that debtor has equity in the property. In 1987 debtor filed his first Chapter 13. It was marked by hostilities and battles between debtor and creditor. Debtor's plan was never confirmed, inter alia, because he could never get his tax returns filed with the Internal Revenue Service. After approximately two years debtor struck a bargain with the IRS to pay over six years, he was current with the residence creditor, and so debtor exercised his allegedly inalienable right under 11 U.S.C. § 1307(b) to dismiss his case. The final decree was entered on October 19, 1989.

On September 25, 1990, debtor filed his present Chapter 13. It seems occasioned by creditor's scheduled foreclosure on the residence. Creditor countered with two motions. First, creditor sought to lift the stay for cause. Second, creditor sought to have debtor's case dismissed for bad faith filing. A hearing was had on October 26, 1990, on both issues.

█ First, as to the Motion To Lift Stay For Cause, creditor's proof falls short of the degree needed. It was creditor's thrust that because debtor had not paid the Jackson County Real Estate taxes (which creditor had to pay), had proposed an earlier Chapter 13 which never produced a confirmed plan, and had allowed deterioration of the exterior of the residence, cause existed for lift of stay. The creditor must recognize that where there is overwhelming value in an asset vis-a-vis the balance due on the security instrument, a court will be extremely reluctant to lift the stay and allow foreclosure. Perhaps a general law of bankruptcy might well be stated to be that the likelihood of lift of stay is inversely proportional to the amount of equity that the debtor possesses in the collateral. The Court does recognize that eventually the mere passage of time without the creditor

receiving any payment will constitute cause even though the creditor is adequately protected. *In re A.J.N. Enterprises, Inc.*, 464 F.Supp. 394 (E.D.La.1978). However, that eventuality probably will never come to pass thirty days after the filing of a case. The deterioration claimed by the creditor was not substantiated by the photographs introduced into evidence. While the structure and the grounds may not have been maintained meticulously, the conditions depicted either lost a great deal in the photographic process or were not as severe as contended by creditor. The Motion To Lift Stay For Cause is DENIED.

█ The Motion To Dismiss is based upon different considerations. Creditor claims that the Chapter 13 was not filed in good faith. The Eighth Circuit has just reviewed the issue of good faith filing in a Chapter 13 case. See *In re LeMaire*, 898 F.2d 1346 (8th Cir.1990). From that case the Court understands that the eleven factors of *In re Estus*, 695 F.2d 311 (8th Cir.1982) were narrowed by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (see 11 U.S.C. § 1325(b)) and *Education Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir.1987). In fact the Eighth Circuit has said the narrower focus depended upon "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code". *Id.* at 1227. Whether the Court considers only that narrowed focus, or whether the Court looks back at the original list of factors, concentrating on:

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;

the result would be the same.

The easiest factor to demonstrate is (9) above or whether debtor has unfairly manipulated the Bankruptcy Code. Debtor filed his first Chapter 13 in 1987, never filed a confirmable plan, voluntarily dismissed the proceeding after some two years, and then after a year has filed another Chapter 13. Another facilely demonstrable area relates to (5) above or misrepresentations to the Court, and is based upon debts owing to debtor's father and to debtor's brothers. According to debtor he has loans from his father and two brothers in amounts that were never made clear. Since he did not list these alleged debts, they would not be discharged and would receive discriminatory treatment vis-a-vis other debts.

Moving on to (4) above or again whether debtor has made any fraudulent misrepresentation to mislead the bankruptcy court, debtor failed to list two antique automobiles in his original petition. Debtor also incurred a substantial debt to a bank in Sedalia by buying a 1984 Mercedes and paid said bank while the earlier case was pending. Debtor paid his father $3,000.00 from the sale of an antique car that he had not listed. He had not listed the debt either. In his current filing, debtor did not list his antique Alvis motor vehicle; did not list unsecured debts to his father; did not list unsecured debts to his brothers; and clearly misstated his estimated monthly expenses. An example of this latest misstatement hardly needs proof when debtor claims in his budget that he would heat a 7,000 square foot house for $39.00 per month, or furnish all electricity for said house at $48.00 per month, particularly when he has two tenants who pay rent but not utilities. Finally, debtor misstated the balance due on his Mercedes by some $1,000.00.

The Court concludes that whether the *Estus* test is used, the *Zellner* test is used, or the *LeMaire* reasoning is applied to the facts presented in this case, there was not and is not the requisite good faith filing required by the Bankruptcy Code. Therefore, the Court grants the Motion of Greg Kipnis and DISMISSES this case.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.