**Columbus J. SOUTHERLAND,
Jr., Appellant,**

**v.**

**William D. SMITH, et al., Appellees.**

**No. 91–1320–CIV–T17.**

United States District Court,
M.D. Florida,
Tampa Division.

July 22, 1992.

Columbus J. Southerland, Jr., pro se.

Dawn A. Carapella, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, Fla., for Richard F. Otonicar.

Charles C. Papy, Jr., Papy, Weissenborn & Papy, Coral Gables, Fla., for Edward L. Hartness.

John David Emmanuel, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for Ann Southerland Laird.

## ORDER

KOVACHEVICH, District Judge.

The debtor appellant, Columbus J. Southerland (Southerland) filed a Chapter 13 action *pro se* in the Bankruptcy Court of the Middle District of Florida, Tampa Division. In a related adversary proceeding, Southerland named several defendants, including Ann Southerland Laird (Laird) his ex-wife, all of whom are Georgia citizens.

At the pre-trial conference before the Bankruptcy Court, Judge Baynes found that all the causes of action arose out of appellant's divorce case that was still pending in Pickens County, Georgia. Specifically, the Bankruptcy Court stated that "[t]his adversary proceeding poses questions under Georgia Law concerning statutes of limitation and causes of action sounding in legal malpractice, tort and mandamus." Therefore, the court abstained from hearing the adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and (2).

Additionally, the Bankruptcy Court granted Laird's motion to dismiss the complaint on the grounds that the pleadings did not comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure. From these rulings, Southerland appealed and Laird filed a motion to dismiss the appeal for lack of jurisdiction and for an extension of time to file her responsive brief. On February 7, 1992, 136 B.R. 565, this Court established jurisdictional grounds for ruling on Southerland's appeal, and denied the appellee's motion to dismiss this action.

## DISCUSSION

■ The Court must now determine whether or not the bankruptcy court's findings of fact are clearly erroneous. Under the new bankruptcy rules, which became effective August 1, 1983, the district court is bound by the clearly erroneous standard in reviewing findings of fact by the bankruptcy court and must accord "due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. *Accord, In re Morrissey*, 717 F.2d 100, 104–05 (3d Cir.1983). Thus, the district court is bound by the findings of fact made by the bankruptcy court unless it determines them to be clearly erroneous. *In re Hunter*, 771 F.2d 1126, 1129 n. 3 (8th Cir.1985).

■ The Bankruptcy court's finding that an action is still pending in Georgia state court was not clearly erroneous. Southerland argues that he was prejudiced by the Bankruptcy Court's "failure to consider" his affidavit denying existence of a pending case in Georgia state court. The Bankruptcy Court reviewed all pending motions, the record, and heard the argument of the plaintiff and of counsel for the defendants. Only after the Bankruptcy court fully considered these factors did it make a determination.

■ The Bankruptcy Court did not abuse its discretion in abstaining from hearing the adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1). One basis for the Bankruptcy Court's abstention is 28 U.S.C. § 1334(c)(1), which states that nothing in the Bankruptcy Code prevents the Court "in the interest of justice or in the interest of comity with State courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11." Unlike the mandatory abstention found in § 1334(c)(2), subsection (c)(1) abstention is discretionary.

The Bankruptcy Court found that "[t]his adversary proceeding poses questions under Georgia law concerning statutes of limitation and causes of action sounding in legal malpractice, tort and mandamus." August 14, 1991 Bankruptcy Court Order. Where a court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling. *In re Haugen,* 120 B.R. 124, 127 (D.N.D.1990).

The Bankruptcy Court also based its decision to abstain on the principles of venue and forum *non conveniens.* A decision applying forum *non conveniens* is entrusted to the sound discretion of the trial court and may be reversed only if it constitutes a clear abuse of discretion. *Sigalas v. Lido Maritime, Inc.,* 776 F.2d 1512 (11th Cir.1985). "All causes of action ... surround the divorce proceeding of the Debtor ... held in the Superior Court of Pickens County, Georgia, ... [and] that action is still pending in said state court of Georgia." August 14, 1991 Bankruptcy Court Order. The Bankruptcy Court also found that the defendants are Georgia residents. These facts support the Bankruptcy Court's decision to abstain pursuant to the principles of venue and forum *non conveniens.*

Southerland has been unable to show that the Bankruptcy Court's findings were clearly erroneous or that there was a clear abuse of discretion by the Bankruptcy Court. Accordingly it is

ORDERED that the Order entered on August 14, 1991 by Judge Thomas E. Baynes, Jr. be affirmed. The Clerk of the Court is directed to enter judgment for the Appellees, in accordance with this Order.

DONE AND ORDERED.