**Columbus Jasper SOUTHERLAND, Appellant,**

v.

**TROY & NICHOLS, INC., Appellee.**

No. 94–0922–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Oct. 24, 1994.

Columbus J. Southerland, Jr., pro se.

Lisa M. Castellano, Salem, Saxon & Nielsen, P.A., Tampa, FL, for appellee.

*ORDER ON APPEAL*

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from an order of the Bankruptcy Court. On December 13, 1989, Columbus Jasper Southerland, Debtor, acquired property subject to Appellee's first mortgage. By September of 1990, Appellant defaulted and a Final Judgment of Mortgage Foreclosure was entered on May 25, 1993. Appellant filed a voluntary petition under Chapter 13 of the Bankruptcy Code just prior to a scheduled foreclosure sale.

The Appellant filed his Chapter 13 Plan of Reorganization on July 20, 1993. Approximately two weeks later, the Bankruptcy Court issued its Order to Show Cause, based upon a question of the feasibility of the Plan.

As a result, Judge Baynes dismissed the Chapter 13 case without prejudice. After filing a timely appeal, this Court affirmed Judge Baynes' decision. On March 10, 1994, this Court's affirmance of the Bankruptcy Court's Order was appealed to the Eleventh Circuit.

On January 26, 1994, the Appellee filed its Motion For Relief From Stay, as provided in 11 U.S.C. § 362(d)(1) of the Bankruptcy Code, for cause based on a lack of adequate protection. The statute permits the modification of an automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). As of the date these appeals were filed, Appellant has failed to make any mortgage payments to Troy & Nichols, as a secured creditor. On March 9, 1994, the Bankruptcy Court denied the Motion for Relief From Stay, but granted adequate protection payments. As a result, Appellant filed his Notice of Appeal of this Order on March 14, 1994.

"The delay in paying a creditor for an inordinate length of time has been recognized as a cause for relief." *In re Senior Care Properties, Inc.*, 137 B.R. 527, 529 (N.D.Fla.1992) (citing *In re Novak*, 121 B.R. 18 (Bankr.W.D.Mo.1990); *In re A.J.N. Enterprises, Inc.*, 464 F.Supp. 394 (E.D.La. 1978); *In re Empire Steel Co.*, 228 F.Supp. 316 (D.Utah 1964)). An unreasonable delay may result in undue prejudice to creditors. *Id.* at 530. Unlike *Senior Care*, where the debtor showed a reasonable likelihood of reorganization, *id.* at 529, and the creditor failed to show that the delay caused prejudice, *id.* at 530, Southerland has shown no likelihood of attainable reorganization. It has been over a year since the Chapter 13 reorganization was filed and Debtor has failed to file a feasible plan of reorganization. *Cf. In re Cobblestone Associates*, 141 B.R. 245, 248 (M.D.Fla.1992) (debtor failed to meet its burden of proof under § 362(g) when it did not provide any evidence that property was necessary for an effective reorganization, or the feasibility of any potential plan; further Debtor failed to show its ability to provide adequate protection payments to mortgagee). The Debtor has failed to comply with the Bankruptcy's order to cure post-petition arrears by April 15, 1994, by disregarding his obligation of adequate protection payments as defined in the Bankruptcy Code. *See* 11 U.S.C. § 361.

The party seeking adequate protection payments has the burden of proof to show the debtor's equity in the property, the party opposing such relief has the burden on all other issues. *See* U.S.C. § 362(g). This burden encompasses the burden of proof as well as the burden of persuasion. *Cobblestone*, 141 B.R. at 247 (citing *In re Certified Mortgage Corp.*, 20 B.R. 787, 788 (Bankr. M.D.Fla.1982)).

The Debtor has failed to provide any evidence to the Bankruptcy Court, or to this Court, that he offered adequate protection. Furthermore, Debtor fails to provide any factual or legal support that he is entitled to $10,000.00 due to Creditor's failure to timely answer an adversarial complaint. Nothing in the record indicates that the Bankruptcy Court was clearly erroneous in its findings of fact, *Southerland v. Smith*, 142 B.R. 980, 981 (M.D.Fla.1992), nor does Debtor show that the Bankruptcy Court made improper conclusions of law. *In re Fernandez*, 132 B.R. 775 (M.D.Fla.1991). Accordingly it is **ORDERED** that the Bankruptcy Court's ruling granting Adequate Protection Payments be **affirmed** and, because Debtor's appeal (Docket No. 4) to quash the Bankruptcy Court's Order Granting Adequate Protection Payments is without merit, the lower court's order be **affirmed**. The United States District Court of the Court clerk is **directed** to dismiss this appeal.

**DONE and ORDERED.**