Columbus J. SOUTHERLAND, Appellant,

v.

Bobby C. MILAM, et al., Appellees.

No. 94–1731–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

April 3, 1995.

Columbus J. Southerland, Jr., Palm Harbor, FL, pro se.

Louis Joseph Shaheen, Jr., Kevin J. Wilcox, Gardner, Wilkes, Shaheen & Candelora, Tampa, FL, Patrick Deering, Law Office of Patrick Deering, Atlanta, GA, for appellees.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from dismissal of Appellant's Adversary Proceeding in the Bankruptcy Court below pursuant to 28 U.S.C. Section 158.

### STANDARD OF REVIEW

 This Court functions as an appellate court in reviewing a bankruptcy court's decision. 28 U.S.C. § 158(a), (c). Findings of fact by the Bankruptcy Judge shall be upheld on appeal unless found to be clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Appellants are entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla. 1988).

### FACTS

On June 23, 1993, Appellant Columbus J. Southerland filed a voluntary bankruptcy pe-

tition for relief under Chapter 13 of Title 11, United States Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 93–6904–8B3. On August 10, 1993, Appellant commenced Adversary Proceeding No. 93–563 (the "Adversary Proceeding"), by filing a complaint entitled "Complaint In Action for Civil Rights Deprivation" (the "Complaint") against fifteen individuals. The Complaint alleged that Appellees conspired to deprive Appellant of his property over a period of time spanning from November 1974 through June 1992.

As alleged in the Complaint, all fifteen Appellees reside outside the State of Florida; with one exception, all Appellees reside in the State of Georgia.

After a pre-trial conference held on August 8, 1994, the Bankruptcy Court entered a Dismissal Order (the "Order") on August 22, 1994, reciting the following findings of fact:

(1) Appellant filed a Complaint citing 42 U.S.C. §§ 1983, 1985, and 1986;

(2) The events alleged in the Complaint arose prior to the filing of the Chapter 13 case;

(3) The events alleged in the Complaint are related to the divorce proceedings of the Appellant and his former wife, Appellee Ann Southerland Laird, held in the Superior Court of Pickens County, Georgia;

(4) All Appellees are residents of the State of Georgia (except one who resides in the State of Louisiana);

(5) The allegations of the Complaint pose questions concerning statutes of limitation and the doctrines of *res judicata* and collateral estoppel;

(6) The allegations of the Complaint reflect causes of action under Georgia law sounding in legal malpractice, tort, and mandamus.

The Bankruptcy Court also found that Appellant had previously filed Adversary Proceeding No. 91–0140–8B3 ("Prior Adversary Proceeding") in a prior Chapter 13 case, Case No. 91–1027–8B3. On August 14, 1991, the Bankruptcy Court entered the Order abstaining from hearing the Prior Adversary

Proceeding based upon 28 U.S.C. § 1334(c)(1), (2) and principles of comity with state law, venue and forum non conveniens. The Order authorized Mr. Southerland to proceed in Georgia state court or federal court based upon diversity of citizenship. The Order was affirmed on appeal on July 22, 1992. See *Southerland v. Smith*, 142 B.R. 980 (M.D.Fla.1992). Appellant did not proceed in Georgia state court or the district court but filed the instant Adversary Proceeding. On August 30, 1994, Appellant filed a Notice of Appeal of the Dismissal Order.

## DISCUSSION

The only issue raised on appeal by Appellant is, "Was the case unlawfully dismissed when the Bankruptcy Judge issued a final order contrary to law which prohibits such over the objection of the parties and without their consent?" This issue addresses the Bankruptcy Court's jurisdiction pursuant to 28 U.S.C. § 157. Appellant contends that he did not consent to Bankruptcy Court jurisdiction and consequently, the Bankruptcy Court lacked jurisdiction to enter the Dismissal Order. This Court finds Appellant's contention to be without merit.

### A. Bankruptcy Court Jurisdiction

Section 157(c)(1), Title 28, United States Code confers jurisdiction on a Bankruptcy Judge to hear a "proceeding that is not a core proceeding but that is otherwise related to a case under Title 11 ..." 28 U.S.C. § 157(c)(1). The test for whether a matter is "related to" a bankruptcy proceeding within the meaning of the jurisdictional statute, is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1984). Pursuant to 28 U.S.C. § 157(c)(1), in a related non-core proceeding, such as the instant Adversary Proceeding, the Bankruptcy Judge generally must prepare proposed findings of fact and conclusions of law for the District Court, and this Court must then review the Bankruptcy Court's proposals de novo. *Mann v. Alexander Dawson, Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir.1990). When all parties consent to the Bankruptcy

Court's jurisdiction in a related non-core proceeding, the District Court reviews the Bankruptcy Court's findings of fact for clear error. *Id.*

B. *Appellant's Consent to Bankruptcy Court Jurisdiction*

 Appellant did consent to the Bankruptcy Court's jurisdiction, and the Bankruptcy Court's entry of the Dismissal Order was proper. By filing the Adversary Proceeding in the Bankruptcy Court, and never objecting to the Bankruptcy Court's jurisdiction prior to the time it rendered its judgment, Appellant consented to the court's jurisdiction. *See Mann, supra.* By filing the Adversary Proceeding in a Bankruptcy Court, and failing to ask that court to refer the matter to a District Judge, Appellant consented to the Bankruptcy Court's jurisdiction. Although silence does not imply consent, affirmatively invoking the Bankruptcy Court's jurisdiction most assuredly supplies whatever consent is necessary. *Horwitz v. Alloy Automotive Co.*, 992 F.2d 100, 103 (7th Cir.1993). Lastly, by filing a bankruptcy petition, Appellant has invoked the jurisdiction of the Bankruptcy Court; absent that filing, the Bankruptcy Court is without power to decide the rights of any parties. *Fidelity & Deposit Co. of Maryland v. Morris*, 950 F.2d 1531, 1535 (11th Cir.1992).

C. *Dismissal and retention of Adversary Proceedings*

 The general rule is that dismissal of the bankruptcy case usually results in dismissal of all remaining Adversary Proceedings; however, 11 U.S.C. § 349 gives the Bankruptcy Court the power to alter the normal effects of the dismissal of a bankruptcy case, if cause is shown. *See Morris*, supra. In a bankruptcy action, it has been held that the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an Adversary Proceeding which was related to the bankruptcy case at the time of its commencement. *Id.* at 1534. The decision whether to retain jurisdiction over the Adversary Proceeding should be left to the sound discretion of the Bankruptcy Court or the District Court, depending upon where the Adversary Proceeding is pending. *Id.* It is the decision of this Court that the Bankruptcy Judge below did not err by abstaining to hear the Adversary Proceeding filed by the Appellant. Accordingly, it is

**ORDERED** that the Order of the Bankruptcy Court be **affirmed** and the cause of this action be **dismissed.**

**DONE AND ORDERED.**