In re Kevin ADELL, Debtor.

No. 9:03–BK–23684–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

July 11, 2005.

See also 328 B.R. 845, 2005 WL 1936341.

Bodman, Longley & Dahling, LLP, Detroit, MI, Dawn A. Carapella, Trenam, Kemker, Scharf, Barkin, et al., Roberta A. Colton, Barbara A. Hart, Asher Rabinowitz, Ruden McClosky, Tampa, FL, for Debtor.

**ORDER ON CREDITOR JOHN RICHARDS HOMES BUILDING COMPANY, L.L.C.'S RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO THE GARNISHMENT ACTIONS AGAINST STN.COM, INC. AND ADELL BROADCASTING CORP.**

**(Doc. No. 641)**

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS the next chapter and most likely not the last in this seemingly endless litigation between John Richards Homes Building Company L.L.C. (JRH) and Kevin Adell (the Debtor) and more precisely between JRH and STN. Com, Inc. (STN) and Adell Broadcasting Corp. (ABC). JRH in its Motion seeks relief from the automatic stay for the limited purpose to be authorized to proceed against STN and ABC.

The factual background relevant to the issues raised by the Motion for Reconsideration can be summarized as follows:

On November 14, 2003, the Debtor filed his Chapter 11 case in this Court after the United States Bankruptcy Court for the Eastern District of Michigan (Michigan Bankruptcy Court) entered a Sanction Award against the Debtor in the amount of $6,413,230.68. In order to collect on this Sanction Award, JRH served a Writ of Garnishment on the Debtor's employers, STN and ABC.

On January 22, 2004, the Debtor commenced an Adversary Proceeding (Case No. 04–032) and in his Complaint the Debtor sought injunctive relief, specifically to prohibit JRH from pursuing its garnishment action against STN and ABC.

On March 23, 2004, this Court entered an Order and granted the Debtor's Motion to Abate Adversary Proceeding pending a

determination by the Michigan Bankruptcy Court as to whether or not the automatic stay applies to the garnishment proceeding filed by JRH.

On June 9, 2004, the Michigan Bankruptcy Court, relying on the case of *In re Feldman,* 303 B.R. 137 (Bankr.E.D.Mich. 2003), entered its Order. The Michigan Court in its Order, citing *In re Feldman,* stated, "It is simply irrelevant whether the creditor's postpetition act to obtain a judgment against the employer is an act to collect on the employer's liability. The relevant question under § 362(a) is whether that act is an act to collect the debtor's liability. Surely the answer to that question is yes, that act is an act to collect on the debtor's prepetition debt." *Id.* at 139. Thus, the Michigan Bankruptcy Court concluded that the action against STN and ABC would be a violation of the automatic stay and the automatic stay applies.

On October 15, 2004, this Court entered an Order on a Motion for Relief from the Automatic Stay (Doc. No. 447). In its Order, this Court rejected the proposition urged by JRH that its claim against STN and ABC is a stand-alone independent obligation of these entities separate and apart from its claim against the Debtor and, therefore, not protected by the operation of the automatic stay. This Court found that the Michigan Bankruptcy Court already ruled that the garnishment proceeding is subject to the automatic stay and that the decision of the Michigan Bankruptcy Court is correct and, therefore, the Motion to lift the automatic stay was denied.

In the present instance counsel for JRH again contends that the automatic stay does not apply to the garnishment proceeding because JRH seeks recovery from STN and ABC on the basis of a certain Michigan Statute which imposes liability on a garnishee who responds to the writ and, furthermore, who falsely states that it

has no claim against the judgment debtor or holds no funds which belong to the judgment debtor. Counsel for JRH urged that he only seeks limited relief and does not seek permission to collect any judgment or award from STN or ABC, but merely seeks to litigate the liability of these entities.

The record reveals that it there is currently pending before this Court an Adversary Proceeding (Case. No. 04–89) filed by JRH in which JRH is challenging the Debtor's right to the overall protection of the general bankruptcy discharge, or in the alternative, a determination that the Sanction Award entered against the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523 and § 727.

JRH also contends citing the cases of *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023 (11th Cir.1989) and *Southerland v. Troy & Nichols, Inc.,* 173 B.R. 432, (M.D.Fla. 1994), that the finding by the United States District Court for the Middle District of Florida (District Court) that the Chapter 11 case was filed in bad faith is compelling to grant the motion because bad faith is a "cause" under Section 363(d)(1). In addition, counsel for JRH also contends that the delay in payment of claim is also "cause" for granting the relief.

■ Concerning the first proposition urged by JRH that the finding of the District Court that the Chapter 11 case was filed in bad faith is compelling and, therefore, JRH's Motion should be granted. This Court is satisfied that finding bad faith in filing a Chapter 11 petition has no relevance to the Debtor's right to maintain a Chapter 7 case, thus, it does not serve as a "cause" for granting the Motion for Relief from Stay.

■ Concerning the reliance of counsel for JRH as a "cause," by the delay in

payment of its claim, it is not a "cause" at all, especially in a Chapter 7 case. The cases cited by counsel in support of this proposition all dealt with a delay in payment of a secured claim and had nothing to do with payment of general unsecured claims. The soundness of this proposition is not only questionable, it is certainly not supported by any case law.

In light of the foregoing, this Court is satisfied that due to the pendency of the unresolved issues concerning the Debtor's right to a general discharge or, in the alternative, a determination of the dischargeability vel non of the Sanction Award of JRH, the Motion is premature and therefore should not be granted at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Creditor John Richards Homes Building Company, L.L.C.'s Renewed Motion for Relief from the Automatic Stay as to the Garnishment Actions Against STN.Com, Inc. and Adell Broadcasting Corp. be, and the same is hereby, denied without prejudice.